ACCEPTED
12-15-00151-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/31/2015 2:24:13 PM
CATHY LUSK
CLERK

**NO. 12-15-00151-CR**

**IN THE COURT OF APPEALS**

**TWELFTH COURT OF APPEALS DISTRICT**

**TYLER, TEXAS**

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/31/2015 2:24:13 PM
CATHY S. LUSK
Clerk

FILED

8/31/2015

Twelfth Court of Appeals
Cathy Lusk
Clerk

_____

**ROLAND I. ODOM**
**Appellant**

**V.**

**STATE OF TEXAS**
**State**

_____

*ANDERS/GAINOUS* **BRIEF OF APPELLANT**
**ROLAND I. ODOM**

_____

**LAW OFFICE OF STEN M. LANGSJOEN**
**P.O. BOX 539**
**TYLER, TEXAS 75710-0539**
**TELEPHONE: (903) 531-0171**
**TELEFAX: (903) 531-0187**
**SBN: 11922800**
*e-mail*: **sten@langsjoenlaw.com**

**ORAL ARGUMENT NOT REQUESTED:**

Sten M.
Langsjoen

Digitally signed by Sten M. Langsjoen
DN: cn=Sten M. Langsjoen, o, ou,
email=sten@langsjoenlaw.com, c=US
Date: 2015.08.31 13:28:43 -05'00'

_____
**STEN M. LANGSJOEN**
**State Bar No. 11922800**
**ATTORNEY FOR APPELLANT**

# TABLE OF CONTENTS

Names of All Parties ................................................................................................... iv

Index of Authorities ................................................................................................. v

Index of Abbreviations.............................................................................................. vii

Introduction................................................................................................................ 1

Preliminary Statement of the Nature of the Case............................................................ 2

Statement of Points of Error [*Anders; Gainous*] ................................................................. 3

Statement of Facts...................................................................................................... 4

Brief of the Argument ................................................................................................ 4

Authority and Argument............................................................................................. 4

WORD Count Certificate............................................................................................ 11

Prayer....................................................................................................................... 12

Certificate of Service ................................................................................................ 13

Appendix................................................................................................................... 14

iii

# NAMES OF ALL PARTIES

**Parties to this action are**:

Appellant

>    Roland I. Odom, Inmate No.: 00580038
>    Joe F. Gurney Transfer Unit
>    1385 FM 3328
>    Palestine, Texas 75803

Counsel for Appellant

>    Sten Langsjoen
>    P.O. Box 539
>    Tyler, Texas 757510-0539

Appellee

>    State of Texas

Counsel for Appellee

>    Rachael Patton, District Attorney for Cherokee County
>    502 North Main
>    Rusk, Texas 75785

**Counsel for the parties before the Trial Court were:**

Counsel for Defendant (Appellant)

>    William Wilder
>    P.O. Box 537
>    Rusk, Texas 75785

Counsel for State of Texas

Rachael Patton, District Attorney for Cherokee County
502 North Main
Rusk, Texas 75785

## <u>INDEX OF AUTHORITIES</u>

### <u>Constitution</u>

<u>United States Constitution</u>, 6th Amendment ...................................................................8

<u>United States Constitution</u>, 14th Amendment ..................................................................8

<u>Texas Constitution</u>, Article 1, Section 10..........................................................................8

### <u>Cases</u>

<u>Adkinson v. v. State of Texas</u>, 762 S.W.2d 255, 259
(Tex. App. – Beaumont 1988, pet. ref'd) ............................................................................5

<u>Anders v. California</u>, 386 U.S. 738 (1967) ........................................................................3

*Ex Parte* <u>Bratchett</u>, 513 S.W.2d 851 (Tex. Crim. App. 1974)......................................8

*Ex Parte* <u>Burns</u>, 601 S.W. 2d 370, 372 (Tex. Crim. App. 1980) ..................................8

<u>Gainous v. State of Texas</u>, 436 S.W.2d 137 (Tex. Crim. App. 1969)...........................3

<u>Garcia v. State</u>, 57 S.W.3d at p. 436, 440 (Tex. Crim. App. 2001) ..............................9

<u>Medeiros v. State of Texas</u>,
733 S.W. 2d 605, 607 (Tex. App. – San Antonio 1987)..................................................9

v

Strickland v. Washington, .................................................................................8

**Statutes/Rules**

Tex. Code Crim. Proc, Art. 1.05 (Trial Rights) ...................................................... 8

Tex. Code Crim. Proc, Art. 19.27 (GJ Challenge) ...................................................5

Tex. Code Crim. Proc, Art. 21.02 (Indictment) .......................................................5

Tex. Code Crim. Proc, Art. 26.02 (Arraignment) .....................................................5

Tex. Code Crim. Proc, Art. 26.13 (a) (Accepting Guilty Plea) .............................6, 7

Tex. Code Crim. Proc, Art. 26.13 (b) (Accepting Guilty Plea) .............................. 6

Tex. Code Crim. Proc, Art. 28.10 (Amendment of Indictment) ............................. 5

Tex. Code Crim. Proc, Art. 42.01 (Judgment) ....................................................... 7

Tex. Penal Code, Section, 12.32 (a) (First-Degree Prison Sentence Range) .................5

Tex. Penal Code, Section, 12.32 (b) (First-Degree Fine Range) .................................5

Tex. Penal Code, Section 12.42 (b) (Intox. Manslaughter 2nd Degree felony) ..............2

Tex. Penal Code, Section 49.08 (a) (Offense Elements) ..........................................4, 5

Tex. Penal Code, Section 49.08 (b) (Offense Base Punishment) .................................2

## INDEX OF ABBREVIATIONS

Clerk's Record............................................................................................ CR

Reporter's Record, Volume I....................................................................... RRI

vi

**NO. 12-15-00151-CR**

**IN THE COURT OF APPEALS**

**TWELFTH COURT OF APPEALS DISTRICT**

**TYLER, TEXAS**

_____

**RONALD I. ODOM**
**Appellant**

**V.**

**STATE OF TEXAS**
**State**

_____

***ANDERS/GAINOUS* BRIEF OF APPELLANT**
**RONALD I. ODOM**

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES ROLAND I. ODOM, Appellant in the above-styled and numbered cause and Defendant in the Trial Court, and, by and through appointed Counsel, files this Brief of Appellant and respectfully reports to the Court of Appeals that no reversible errors were found to have been committed by the Trial Court relating to pretrial and evidentiary rulings during trial in Cause Number 18672 in the 2nd Judicial District Court of Cherokee County, Texas, before the Honorable Judge Bascon Bentley, III, Judge Presiding.

## PRELIMINARY STATEMENT OF THE NATURE OF THE CASE

Appellant was charged by indictment for two counts of intoxication manslaughter.  CR, at pp. 6-7; Tex. Penal Code, § 49.08(a); **Tab A**.  The indictment included an enhancement paragraph alleging Appellant had a prior felony conviction increasing the punishment into the first-degree felony range.  Tex. Penal Code §§ 12.32 (a)-(b); 12.42(b); **Tab A**.  The indictment was amended thereafter to correct the alleged date of the offense.  CR, at pp. 16-8.

Appellant's defense attorney filed a Motion for Discovery (CR, at pp. 29-41); Motion to Suppress Evidence of Blood Test (CR, at pp. 42-4); Motion to Suppress Evidence Based on Illegal search and Seizure (CR, at pp. 68-70); and a Motion to Quash the Indictment (CR, at pp. 132-3); and a Motion in Limine (CR, at pp. 167-9).    The record reflects no rulings on these motions. CR, at pp. 203-6.      On 04-13-15, Appellant entered into a plea agreement with the State wherein Appellant pled guilty and "true" to the enhancement paragraph and accepted a 20-year sentence. CR, at pp. 173-4; **Tab B.**

The Trial Court approved and accepted Appellant's plea and followed the recommendation of the State; a Judgment of Conviction by Court/Waiver of Trial was signed by the Trial Court on each count on 04-13-15.  RRIX, at pp. 6, 8; CR, at pp. 177-8, 180-1; **Tab C.**

The Trial Court certified that Appellant could not seek appellate review and had waived his rights of appeal (CR, at pp. 175-6; **Tab D**).

Appellant timely filed a notice of appeal on 05-06-15 (CR, at p. 186; **Tab E**.)

## STATEMENT OF POINTS OF ERROR

No reversible points of error were identified following review of the record, and this Brief is submitted in compliance with the tenants of <u>Anders v. California</u>, 386 U.S. 738 (1967) and <u>Gainous v. State of Texas</u>, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel believes, after a review of the record, the subject appeal is frivolous and should be dismissed.

## STATEMENT OF FACTS

On August 18, 2012, Appellant was operating a motor vehicle in Cherokee County and was involved in a head-on collision with another vehicle resulting in the death of two people. RRIX, at pp. 2-3, 7; CR, at p. 174 (Stipulation of Evidence *et c.*) **Tab B**.

Appellant was previously convicted of a felony. RRIX, at p. 3.

## BRIEF OF THE ARGUMENT

Following a review of the pre-trial proceedings, trial and judgment, no error, that was more than harmless error, was found that could be presented for review to the appellate court, and therefore, Appointed Counsel believes the subject appeal is frivolous and without merit. Appointed Counsel seeks to withdraw here from and has invited response hereto from the Appellant, as described hereinafter.

## ARGUMENT AND AUTHORITY

Grand Jury & Indictment:

Appellant was indicted on two counts of intoxication manslaughter with an offense date of August 12, 2012 by a Cherokee Grand Jury on January 28, 2013. CR, at p. 6-7; Tex. Penal Code, §49.08(a). The indictment also carried an enhancement paragraph accusing Appellant of having a prior felony conviction of failure to register as a sex offender increasing the punishment into the first-degree

range.  Tex. Penal Code, §§ 12.32 (a)-(b); 49.08 (b); **Tab A**.  The indictment was amended on the motion of the State to correct the offense date in count two.  CR, at pp. 16-8.  The indictment appears to be valid on its face and carries the signature of the purported Foreperson of the Grand Jury.  Id.; Tex. Code Crim. Proc., Art 21.02.  The record is silent as to any challenge to the composition of the Grand Jury leaving nothing as to the indictment or grand jury for review.  Tex. Code Crim. Proc., Art. 19.27.

Arraignment:

Appellant through Counsel confirmed knowledge of the charges, confirmed correct spelling of his name, and entered a plea of not guilty.  CR, at p. 15.  The waiver fixed the Appellant's identity and allowed for the entry of his plea of "not guilty".  Id.; Tex. Code Crim. Proc., Art. 26.02.  The waiver was signed by Appellant's counsel and appears to be regular, and, since no objection was raised, any error regarding deficiencies in the arraignment were waived.  Adkinson v. State of Texas, 762 S.W.2d 255, 259 (Tex. App. – Beaumont 1988, pet. ref'd).  No point of error was found.

Pre-Trial Motions:

The State filed a motion to amend the indictment pursuant to Article 28.10.  Tex. Code Crim. Proc., Art. 28.10.  The Motion sought to correct the offense date in

count two of the indictment. The Trial Court signed an Order granting the Motion, and the record does not reflect any objection to the motion. No error is found.

Trial Counsel for Appellant filed five substantive pre-trial motion including a comprehensive Motion for Discovery (CR, at pp. 29-41); Motion to Suppress (Id., at pp. 42-4); Motion to Suppress (Id., at pp. 68-70); Motion to Quash (Id., at pp. 132-3); and Motion in Limine (Id., at pp. 167-69). The record is silent as to the disposition of any of these motions and no potential error was found.

Appellant's Plea: Guilty:

The record reflects that the Appellant, joined by his Trial Counsel, signed and a Felony Agreed Plea Recommendation – No Appeal. CR, at pp. 173-4 **Tab B**. Further, the "Felony Agreed Plea Recommendation – No Appeal" was marked as State's Exhibit # 1and offered into evidence without objection during the plea hearing. RRIX, at pp. 4/16 – 5/17.

Article 26.13 of the Texas Rules of Criminal Procedure sets forth that the Trial Court must substantially comply with the directives in Article 26.13 (a). Tex. Code Crim. Proc., Art. 26.13 (a) (1) through (6). Prior to accepting a plea of guilty (pertinent to the case at bar), the Trial Court must advise in part of the range of punishment; the nonbinding nature of the agreement as to the Trial Court; limited appellate rights if the agreement is followed or improved upon; the effect of non-

citizenship. Id. , Art. 26.13 (1) – (4). RRIX, at pp. 2/2 – 6/9. Further, the Trial Court must be satisfied that the plea is free and voluntary and that the Defendant is mentally competent. Id., at Art. 26.13 (b).

At the plea hearing, Appellant entered a plea of "Guilty", the plea was accepted, Appellant's Waivers of rights were approved, and no objection was made by Appellant's Trial Counsel. Id.

There appears to be substantial compliance with Article 26.13, and no point of error appears from the record.

Appellant also pled "true" to the enhancement paragraph and the Trial Court followed the plea recommendation.

Judgment:

Pursuant to Article 42.01, Texas Code of Criminal Procedure, the Trial Court entered a judgment accurately describing the charge and sentenced Appellant to a twenty-year sentence on each of the two counts consistent with the plea agreement. CR, at pp. 177-8, 180-1; **Tab C**; Tex. Code Crim. Proc., Art. 42.01. There does not appear to be a defect as to form or substance regarding the judgment that would support the presentation of an error.

Trial Court's Certification of Right to Appeal:

During the plea hearing, the Trial Court signed the Trial Court's Certification of Defendant's Right of Appeal noting that this criminal case "is a plea-bargain case, and the defendant has NO right of appeal." CR, at pp. 175-6. **Tab D**. Additionally, the Trial Court noted that "the defendant has waived the right of appeal." Id.

Further, the record is silent as to the grant of permission to appeal having been given to the Appellant.

Assistance of Counsel:

Appellant was entitled to legal representation in criminal prosecution pursuant to state and federal constitutional law and statutory law. United State's Constitution, 6th Amendment; 14th Amendment; Texas Constitution, Article 1, Section 10; Texas Code of Criminal Procedure, Art. 1.05. The right to counsel, as described in the state and federal constitutions, does not mean errorless counsel. *Ex Parte* Burns, 601 S.W. 2d 370, 372 (Tex. Crim. App. 1980); Howell v. State of Texas, 563 S.W. 2d 933 (Tex. Crim. App.). Further, the right to counsel has been determined to be sufficient if counsel provided "reasonably effective assistance." *Ex Parte* Bratchett, 513 S.W. 2d 851, 853 (Tex. Crim. App. 1974). In Strickland v. Washington, the standard for review under Texas law of ineffective assistance of counsel requires 1) identification of the

deficient acts or omissions on the part of his attorney; 2) demonstration that the acts or omissions were not the result of reasonable professional judgment; and 3) establishment that the acts or omission so prejudiced the Defendant that he was denied a fair trial. Medeiros v. State of Texas, 733 S.W. 2d 605, 607 (Tex. App. – San Antonio 1987). Using Garcia v. State as a guide, the Court of Criminal Appeals calls upon the Appellant to establish reversible ineffective assistance of counsel by demonstrating:

1) "defense counsel's performance fell below an objective standard of reasonableness, and

2) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different."

Garcia v. State, 57 S.W.3d at p. 436, 440 (Tex. Crim. App. 2001).

A review of the record does not evidence conduct or lack of action on the part of Trial Counsel that would allow a reversible error to be presented for consideration. The record does not support grounds that satisfy either Crawford prong, and no error was found to present as a basis of reversal or remand. Although none of the defense pre-trial motions were ruled upon, it appears that Appellant's Trial Counsel negotiated and secured a plea agreement that 1) avoided a deadly weapon finding (that had been sought by the State; CR, at pp.136-7); 2) avoided higher punishment range minimum sentence levels (in the event the State advanced its Notice of Intent to Enhance Punishment

9

identifying four additional prior felony convictions of Appellant;  Id., at pp. 119-20);

and succeeded in having the sentences run concurrently.  CR, at pp.  177-181.

In regard to the various undisposed defense motions, since no hearings were

conducted, a Crawford  analysis cannot be completed.

Summary:

Following review and consideration of pre-trial and trial activities before the

Trial Court, there are no points of reversible error found.

Notice to Appellant:

Counsel hereby notifies Appellant that this Brief requests that the appeal be

found to be frivolous and be dismissed. Along with the Brief, a motion to withdraw

has been filed requesting permission of the appellate court for Counsel to withdraw

from this case, that, if granted, would leave Appellant representing himself as a *pro

se* litigant.

Counsel further advises Appellant that Appellant has a right to prepare and

file a *pro se* Brief, meaning that Appellant can prepare and file with the appellate

court his own *pro se* Brief, under his own signature, pointing out to the appellate

court any errors or problems he sees in the record or any reason why Appellant feels

the appeal is not frivolous.

Counsel also advises Appellant of Appellant's right to review the record

before filing a *pro se* Brief.

If Appellant desires to file a *pro se Brief* with the appellate court, then Appellant should immediately send a written request to Counsel requesting a copy of Reporter's Record and the Court Reporter's Record.

Appellant is advised that if he presents a *pro Se* Brief [Twelfth Court of Appeals, 1517 West Front Street, Suite 354, Tyler, Texas 75702, Attention: Cathy Lusk, Clerk], then he must also 1) provide a copy of his Brief to Counsel [Sten Langsjoen, P.O. Box 539, Tyler, Texas 75710]; 2) provide a copy of his Brief to the State [Rachael Patton, West 6th Street, Rusk, Texas 75785]; and 3) include in his Brief a written statement ("Certificate of Service") that he sent copies of his Brief and/or Motion to Counsel and to the State.

IX.

Word Count Certificate:

Counsel certifies that WORD format character count is 2,750.

Sten M. Langsjoen

Digitally signed by Sten M. Langsjoen
DN: cn=Sten M. Langsjoen, o, ou, email=sten@langsjoenlaw.com, c=US
Date: 2015.08.31 13:29:36 -05'00'

STEN M. LANGSJOEN

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel for Appellant, Roland Odom, respectfully requests and prays that this matter be considered by the Court and that appointed counsel be allowed to withdraw herefrom and that this appeal be dismissed following the Appellant's opportunity to respond hereto; and further, Counsel respectfully requests and prays for any and all other relief, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

Sten M. Langsjoen

Digitally signed by Sten M. Langsjoen
DN: cn=Sten M. Langsjoen, o, ou,
email=sten@langsjoenlaw.com, c=US
Date: 2015.08.31 13:30:12 -05'00'

_____
STEN M. LANGSJOEN
Attorney for Appellant
P.O. Box 539
Tyler, Texas 75710-0539
Telephone: (903) 531-0171
Telefax: (903) 531-0187
TBA # 11922800

*e-mail*: sten@langsjoenlaw.com

12

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the foregoing Appellant's Brief was delivered by certified mail, return receipt requested, and/or by "fax" transmission and/or by hand-delivery to the State's attorney on August 31, 2015.

Sten M. Langsjoen

Digitally signed by Sten M. Langsjoen
DN: cn=Sten M. Langsjoen, o, ou,
email=sten@langsjoenlaw.com, c=US
Date: 2015.08.31 13:30:44 -05'00'

_____

STEN LANGSJOEN

13

## APPENDIX

Contents:

Indictment ................................................................................................... Tab A

Felony Agreed Plea Recommendation- No Appeal ................................................. Tab B

Judgments ................................................................................................... Tab C

Trial Court's Certification of Defendant's Right of Appeal .................................... Tab D

Notice of Appeal.................................................................................................Tab E

Docket Sheet.....................................................................................................Tab F

NO. **18672**                                     BOND: $ _10,000 °°_

THE STATE OF TEXAS V. ROLAND ODOM

CHARGE: COUNT I:  INTOXICATION MANSLAUGHTER          F1
        (TRN:                              )
        COUNT II: INTOXICATION MANSLAUGHTER          F1
        (TRN:                              )
        ENHANCED

                                         COURT: DISTRICT

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

THE GRAND JURY, for the County of Cherokee, State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the JANUARY, Term A.D. 2013 of the Second Judicial District Court for said County upon their oaths present in and to said court at said term that **ROLAND ODOM**, on or about the 18TH day of August, 2012, and before the presentment of this indictment in the County and State aforesaid, did then and there operate a motor vehicle in a public place while intoxicated by reason of the introduction of alcohol into the body, and did by reason of such intoxication cause the death of another, namely, JOHN KLUEPPEL, by accident or mistake, to-wit: by driving said motor vehicle into the vehicle in which the said John Klueppel was operating.

No.: 12-15-00151-CR
Ronald Odom v. State
Tab A p. 1 of 2

## COUNT II.

And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present in and to said Court that on or about the 11TH day of August, 2011, in said county and State and anterior to the presentment of this indictment, **ROLAND ODOM,** did then and there operate a motor vehicle in a public place while intoxicated by reason of the introduction of alcohol into the body, and did by reason of such intoxication cause the death of another, namely, RYAN CAMPOS, by accident or mistake, to-wit: by driving said motor vehicle into the vehicle in which the said Ryan Campos was a passenger.

### HABITUAL ENHANCEMENT

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 24TH day of June, 1999, in cause number F-9936679 in 265th Judicial District Court of Dallas County, Texas, the defendant was finally convicted of the felony offense of **FAILURE TO REGISTER AS A SEX OFFENDER.**

AGAINST THE PEACE AND DIGNITY OF THE STATE,

**FOREPERSON OF THE GRAND JURY**

FILED
AT 2<sup>26</sup> O'CLOCK _ M.
JAN 28 2013
JANET GATES
CLERK, DISTRICT COURT
CHEROKEE COUNTY, TEXAS
BY _ DEPUTY

No.: 12-15-00151-CR
Ronald Odom v. State

Tab A p. 2 of 2

7

St#1

CAUSE NO: 18672

ROLAND I ODOM
SID # 03726478
TRN# 9211745624 A001 (COUNT I)
TRN# 9211745624 A002 (COUNT II)

IN THE SECOND JUDICIAL
DISTRICT COURT OF
CHEROKEE COUNTY, TEXAS

## FELONY AGREED PLEA RECOMMENDATION-NO APPEAL

| ☒ Plea Bargain or ☐ Open Plea<br>Plea Date: April 13, 2015 | | Offense: CT I & II: INTOXICATION<br>MANSLAUGHTER -ENHANCED<br>Offense Code: 49.08(b) PC<br>Offense Date: 08-18-2012 |
|---|---|---|
| **Range of Punishment** | | |
| ☒ First Degree 5 years to 99 years or life/$10,000 fine | ☐ | Second Degree 2 years to 20 years/$10,000 fine |
| ☐ Third Degree 2 years to 10 years/$10,000 fine | ☐ | State Jail 180 days to 2 years/$10,000 fine |
| ☐ Reduced to the lesser included offense of ___ . A Class ___ Misdemeanor or ___ Felony. | ☐ | State Jail to be treated as a misdemeanor Under 12.44(b) |
| ☐ Pursuant to Tx. C. Cr. P 12.45<br>Indicted or Un-indicted cases taken into consideration; | ☐ | State Jail to be punished as misd. under 12.44(a) |
| | ☒ | True pleas to enhancements or multiple Counts |
| ☐ **Community Supervison**<br>probated for | ☐ | **Deferred Adjudication of Guilt**<br>probation |
| ☐ **AGREED Time Credit:** | ☒ | TDCJ-ID TWENTY (20) years |
| My signature below signifies my agreement to the plea bargained credit I will receive in this case. | ☐ | TDCJ-State Jail |
| ☐ Standard Probation Terms | ☒ | Reimburse for Court Appointed Attorneys Fees -<br>(If applicable) |
| $___ Fine ($ ___ probated) | ☐ | Participate in the Corrective Actions |
| $___ Restitution to Victim | ☐ | Participate in a DWI Program |
| $___ Reimbursement County for ___ | ☐ | Install ignition interlock for :<br>Years ___ thru ___ |
| $___ Reimbursement to DPS Lab – Lab No: TYL-1209-05903<br>TX Dept of Public Safety-Restitution Accounting<br>PO Box 4087<br>Austin, TX 78773-0130 | ☐ | Participate in a Drug Offenders Program |
| ___ Hours of Community Service | ☐ | Required Sex Offenders Program,<br>Conditions and Registration |
| ___ Jail time as a condition of probation | ☐ | Complete the Intermediate Sanction Facility |
| ___ DL suspension length | ☐ | SAFPF as a condition of probation |
| ☒ Reimbursement of Court Costs as determined by Court Clerk at the time of plea | ☐ | Defendant shall not own or possess a firearm |
| | ☐ | Special: |

FILED
AT 9:40 O'CLOCK

_Roll Odm_
Defendant -

_[signature]_
Defendant's Attorney

APR 13 2015

JANET GA___
CLERK, DISTRICT COURT
CHEROKEE COUNTY, TEXAS
BY ___ DEPUTY

_[signature]_
State's Attorney

_[signature]_
Presiding Judge

ROLAND I ODOM - 18672

No.: 12-15-00151-CR
Ronald Odom v. State

Tab B p. 1 of 2

173

**PUNISHMENT RECOMMENDATIONS:** Defendant has been told the full range of punishment for this case and any punishment recommendation of the State is not binding on the Court. If the Court does not follow the recommendation the Defendant will be allowed to withdraw any guilty plea and the case will be set for trial. If the Court follows the plea agreement and assesses the agreed punishment the defendant cannot appeal the case without the Court's permission unless based on motions previously filed.

**VOLUNTARINESS OF PLEA:** The Defendant hereby states that he is entering his plea of guilty / no contest, freely and voluntarily, and only because he is guilty. The Defendant confirms his/her attorney has explained this document, that he completely read and understands all the written waivers, stipulations and motions filed in connection with this plea, including those in this instrument, and that the execution of each was done freely, voluntarily, and intelligently. "If I have been convicted of an offense requiring sex offender registration, I fully understand my obligations under Chapter 62 of the Texas Code of Criminal Procedure and have been given a written explanation of the requirements."

**STIPULATION OF EVIDENCE AND JUDICIAL CONFESSION**

Defendant consents in writing and in open Court, waives the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of evidence in support of the judgment of the Court. Defendant waives the right to remain silent in both the guilt and innocence phases of trial. Defendant judicially confesses to the offense(s) alleged in the indictment or complaint and information and admits that he/she committed each and every element alleged in the complaint and information and that he was guilty as charged. The defendant pleads true to enhancement allegations and special issues.

**WAIVER OF RIGHTS AND TIME LIMITS:** Defendant, in writing and in open Court, waives any and all rights and time limits (pre- and post conviction) secured him by law, whether of substance, or procedure, and states that any error which may have been committed is harmless.

**WAIVER OF 10 DAYS:** The Defendant and his attorney, both in writing and in open Court, waives the 10 days preparation period set in Art. 1.051.C.C.P. The Defendant in addition confirms that he is totally satisfied with the representation given him by his attorney and that his counsel was completely competent in every aspect of his representation.

**WAIVER OF TIME TO FILE MOTIONS FOR NEW TRIAL AND IN ARREST OF JUDGMENT:** Defendant, after punishment has been assessed and sentenced has been imposed, in writing, and in open Court, waives the time provided in the Rules of Appellate Procedure, for filing of a Motion for New Trial, and further waives the time provided in the Rules of Appellate Procedure, for filing of a Motion in Arrest of Judgment.

**COURT'S CERTIFICATION OF DEFENDANT'S RIGHT TO APPEAL.** This is a plea bargain case and the defendant has NO right of appeal. "I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the court of appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

**WAIVER OF POST CONVICTION DNA TESTING:** Defendant waives all rights to post-conviction DNA testing as provided for in Chapter 64 of the Texas Code of Criminal procedure.

**WAIVER OF PRE-SENTENCE REPORT:** The Defendant agrees and requests a pre-sentence report not be made and the Defendant further expressly waives said report.

**NATURALIZATION WARNING:** I understand that if I am not a citizen of the United States of America, a plea of Guilty or Nolo Contendre for the offense charged may result in my deportation, and my exclusion for admission to this country or the denial of naturalization under Federal Law.

**ELIGIBILITY FOR PROBATION:** If applicable, the defendant says under oath he is eligible for probation having never been convicted of a felony in this state or any other state.

**DEFERRED ADJUDICATION:** Defendant has been warned as follows: "If the Court defers adjudication of your guilt and places you on probation, and later proceeds to an adjudication of your guilt, the Court may assess any punishment within the full range of punishment prescribed by law for the crime you were convicted. In the event a Motion to Proceed with adjudication is filed for violation of terms of probation, you will be entitled to a hearing limited to the determination by the Court of whether it should proceed with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and your appeal continue as if the adjudication of guilt had not been deferred. You may be arrested and detained upon violation of the terms of probation as provided in other cases of probation."

Defendant has been informed of his right to petition the court for an order of nondisclosure under Section 411.081, Government Code, unless otherwise ineligible.

**WAIVER OF READING OF PROBATION CONDITIONS:** I hereby waive the reading of the terms and conditions of probation. I understand the terms of probation will be reviewed with me by the Adult Probation Department, but I am responsible reading the order myself and complying with its terms and conditions. I agree if I violate any term or condition my probation can be revoked. I agree that if I have any questions about the order placing me on probation and its terms and conditions I will not execute or sign same until my questions are answered.

**WAIVER OF JURY:** Defendant in person in open Court, and joined by his attorney, and counsel for the State, waives the right of trial by jury afforded him under law.

**DESTRUCTION OF EVIDENCE** Defendant agrees all evidence seized in connection with his case(s) may be destroyed without notice and waives Art. 38.43 TCCrP.

**DEFENDANT WAIVES ALL RIGHTS TO APPEAL**

X _____
DEFENDANT

X _____
DEFENDANT'S ATTORNEY

_____
ASSISTANT DISTRICT ATTORNEY

SWORN TO AND SUBSCRIBED before me by the Defendant this the 13th day of April 2015.

_____
DEPUTY DISTRICT CLERK

*ORDER ACCEPTING PLEA/CERTIFICATION*

The Court then accepted the Defendant's plea, heard evidence and found the Defendant guilty. Punishment was assessed. The Defendant was admonished that he had 10 days in which to file a Motion for New Trial or Motion in Arrest of Judgment; the Defendant waived such time and requested to be sentenced immediately, and sentence was imposed. The Defendant was then informed that he had 30 days in which to file a Motion of Appeal and if indigent, counsel could be appointed and appeal. The Defendant then in open Court waived his right to appeal in writing. Defendant was admonished pursuant to TRAP 25.2(a)(2). The Court approves the written waiver of jury trial, all waivers of rights, and the defendant's judicial confession. Court orders destruction of evidence as agreed.

The Court finds the Defendant is mentally competent and that the foregoing plea of Guilty/Nolo Contendre is made freely and voluntarily. Therefore, the plea is accepted and the defendant sentenced in accordance with the plea bargain agreement and agreed punishment recommendation.

SIGNED IN OPEN COURT THIS DAY __4-13-15__ (Date)

_____
DISTRICT COURT JUDGE PRESIDING          3 09

FILED
AT __4:40__ O'CLOCK __P__.M.
APR 13 2015
JANET GATES
CLERK, DISTRICT COURT
CHEROKEE COUNTY, TEXAS
BY _____ DEPUTY

ROLAND I ODOM - 18672

No.: 12-15-00151-CR
Ronald Odom v. State

Tab B p. 2 of 2

174



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE SECOND JUDICIAL |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| ROLAND I ODOM | § | CHEROKEE COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX03726478 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. BASCOM W. BENTLEY, III. | Date Judgment Entered: | 4/13/2015 |
| Attorney for State: | RACHEL L. PATTON | Attorney for Defendant: | WILLIAM K. WILDER |

Offense for which Defendant Convicted:

**INTOXICATION MANSLAUGHTER – ENHANCED**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **49.08(b) PC Penal Code** |

Date of Offense:

**8/18/2012**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **1ST DEGREE FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:

**TWENTY (20) YEARS INSTITUTIONAL DIVISION, TDCJ**

| Plea to 1st Enhancement Paragraph: | **TRUE** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **TRUE** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| Date Sentence Imposed: | 4/13/2015 | Date Sentence to Commence: | 4/13/2015 |
|---|---|---|---|

| Punishment and Place of Confinement: | **TWENTY (20) YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Attorney Fee | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|---|
| $ | $ | $1292.00 | $ | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

☒ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

Time Credited: **773** DAYS

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS    NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Cherokee County, Texas. The State appeared by her District Attorney.

Counsel / Waiver of Counsel (select one)

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

No.: 12-15-00151-CR
Ronald Odom v. State

Tab C p. 1 of 4

The Court FINDS Defendant com[...]ed the above offense and ORDERS, ADJU[...]ES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

<u>Punishment Options (select one)</u>

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the **Cherokee County District Clerk Office, Rusk, Texas.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Cherokee County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Cherokee County Jail** for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Cherokee County District Clerk Office, Rusk, Texas. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Cherokee County District Clerk. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

<u>Execution / Suspension of Sentence (select one)</u>

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

<u>**Furthermore, the following special findings or orders apply:**</u>

Signed and entered on April 13, 2015

X _____
BASCOM W. BENTLEY, III.
JUDGE PRESIDING

Clerk: smb



FILED
AT 9:40 O'CLOCK ___M.
APR 13 2015
JANET GATES
CLERK, DISTRICT COURT
CHEROKEE COUNTY, TEXAS
BY _____ DEPUTY



Right Thumbprint

No.: 12-15-00151-CR
Ronald Odom v. State

Tab C p. 2 of 4

178



| | | | |
|---|---|---|---|
| THE STATE OF TEXAS | § | IN THE SECOND JUDICIAL | |
| | § | | |
| V. | § | DISTRICT COURT OF | |
| | § | | |
| ROLAND I ODOM | § | CHEROKEE COUNTY, TEXAS | |
| | § | | |
| STATE ID NO.: TX03726478 | § | | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. BASCOM W. BENTLEY, III. | Date Judgment Entered: | 4/13/2015 |
|---|---|---|---|
| Attorney for State: | RACHEL L. PATTON | Attorney for Defendant: | WILLIAM K. WILDER |

**Offense for which Defendant Convicted:**

**INTOXICATION MANSLAUGHTER - ENHANCED**

| Charging Instrument: | Statute for Offense: |
|---|---|
| INDICTMENT | 49.08(b) PC Penal Code |

**Date of Offense:**
**8/18/2012**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| 1ST DEGREE FELONY | GUILTY | N/A |

**Terms of Plea Bargain:**
**TWENTY (20) YEARS INSTITUTIONAL DIVISION, TDCJ**

| Plea to 1st Enhancement Paragraph: | TRUE | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | TRUE | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | 4/13/2015 | Date Sentence to Commence: | 4/13/2015 |
|---|---|---|---|

| Punishment and Place of Confinement: | TWENTY (20) YEARS INSTITUTIONAL DIVISION, TDCJ |
|---|---|

### THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Attorney Fee | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|---|
| $ | $ | $ | $ | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

☒ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A .

| Time Credited: | _____ DAYS |
|---|---|

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS      NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Cherokee County, Texas. The State appeared by her District Attorney.

Counsel / Waiver of Counsel (select one)

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above in the presence of Defendant, the Court pronounced sentence against Defendant.

No.: 12-15-00151-CR
Ronald Odom v. State

Tab C p. 3 of 4

180

The Court FINDS Defendant commi.....ed the above offense and ORDERS, ADJU... .ES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

Punishment Options (select one)

☒ Confinement in State Jail or Institutional Division. The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Cherokee County District Clerk Office, Rusk, Texas. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ County Jail—Confinement / Confinement in Lieu of Payment. The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Cherokee County, Texas on the date the sentence is to commence. Defendant shall be confined in the Cherokee County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Cherokee County District Clerk Office, Rusk, Texas. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ Fine Only Payment. The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Cherokee County District Clerk. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

Signed and entered on April 13, 2015

X _____

BASCOM W. BENTLEY, III.
JUDGE PRESIDING

FILED
AT 9:40 O'CLOCK A M.
APR 13 2015
JANET GATES
CLERK, DISTRICT COURT
CHEROKEE COUNTY, TEXAS
BY_____ DEPUTY



Right Thumbprint

Clerk: smb

Judgment - Count II.rtf    Page 2 of 2

No.: 12-15-00151-CR
Ronald Odom v. State

Tab A p. 4 of 4

181

St #2

## CAUSE NO. 18672

| THE STATE OF TEXAS | § | IN THE 2ND JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| ROLAND I ODOM | § | CHEROKEE COUNTY, TEXAS |

### TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, Judge of the trial court, certify this criminal case:

[ ] is not a plea-bargain case, and the defendant has the right of appeal. [or]

[ ] is a plea-bargain case, but matters were raised by written motion filed and rules on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

[ ] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

[X] is a plea-bargain case, and the defendant has NO right of appeal. [or]

[X] the defendant has waived the right of appeal.

_____
JUDGE

4/13/15
DATE SIGNED

FILED AT 2:40 O'CLOCK ___ M. APR 13 2015
JANET GATES
CLERK DISTRICT COURT
CHEROKEE COUNTY, TEXAS
BY _____ DEPUTY

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. Tex.R.App. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney by written communication of my change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

ROLAND I ODOM - 18672

No.: 12-15-00151-CR
Ronald Odom v. State

Tab D p. 1 of 2

D5

_____     4/10/15
**DEFENDANT**                **DATE SIGNED**

_William K. Miller_     4/10/15
**DEFENDANT'S COUNSEL**     **DATE SIGNED**

    A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt; or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only; (A) those matters that were raised by written motion filed and rules on before trial, or (B) after getting the trial court's permission to appeal. **TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).**

No.: 12-15-00151-CR
Ronald Odom v. State

176

Tab D p. 2 of 2

CAUSE NO. 18672

| THE STATE OF TEXAS | § | IN THE ____ JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT |
| | § | |
| ROLAND I. ODOM | § | CHEROKEE COUNTY, TEXAS |

**NOTICE OF APPEAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes ROLAND I. ODOM, Defendant, in the above styled and numbered cause and gives this written notice of appeal to the Court of Appeals of the State of Texas from the judgment of conviction and sentence herein rendered against said Defendant. He also asks for a court appointed attorney as he is still indigent and has no funds for legal counsel.

Respectfully submitted,

Law Office of
William K. Wilder
131 Henderson St.
Rusk, Texas 75785
Telephone (405) 221-6838
Fax (903) 683-2500

By: _William K. Wilder_
_____          William K. Wilder
Roland I. Odom                            State Bar Number: 21465000

DEFENDANT

ATTORNEY FOR DEFENDANT

*Certificate of Delivery*

I certify that a copy of the above document was mailed to the Office of the District Attorney of Cherokee County, Texas on May _6_, 2015.

_William K. Wilder_
_____
William K. Wilder

No.: 12-15-00151-CR
Ronald Odom v. State

Tab E

186

**S/M INC., DALLAS FORM CLD**

Number of Case: **18672**

### STYLE OF CASE

THE STATE OF TEXAS

vs.

ROLAND I. ODOM

### ATTORNEYS

RACHEL L. PATTON — State

Jack Sheridan — Appt'd — 03/03/2014

### OFFENSE

CT 1—INTOXICATION MANSLAUGHTER
CT 2—INTOXICATION—MANSLAUGHTER
ENHANCED

### DATE OF FILING

| Month | Day | Year |
|-------|-----|------|
| 01 | 28 | 2013 |

Information, Index or Indictment

FILING BY INDICTMENT

| Month | Day | Year |
|-------|-----|------|
| 01 | 28 | 2013 |

Wes Stenographer Used

### Date of Orders

| Month | Day | Year | ORDERS OF COURT |
|-------|-----|------|-----------------|
| 03 | 14 | 2013 | ReTrial Oct April 1, 2013 at 9:00 am |
| 3 | 14 | 13 | Waiver of Arraignment |
| 4 | 1 | 2013 | Pretrial — May 6, 2013 at 9:00 a.m. |
| 4 | 30 | 2013 | Order Granting Leave and Amending Undictment Signed |
| 5 | 6 | 2013 | Pretrial reset for Jun June 3, 2013 |
| 06 | 03 | 2013 | Cases to set for Trial |
| 07 | 08 | 2013 | Jury Selection set for Oct 15, 2013 at 9:00 for Conf |
| | | | Jury Trial set for Oct 16-17, 2013 at 9:00 for |
| 3 | 14 | 2014 | Allowed Fleas to WD |
| 03 | 03 | 2014 | Jury selection set for 3/26/2014, Jury Trial (2 days) set 3-27-2014 |

### WITNESSES

| Minute Book | | Fee Book | |
|---|---|---|---|
| Vol. | Page | Vol. | Page |

No.: 12-15-00151-CR
Ronald Odom v. State

Tab F p. 1 of 4

No.: 12-15-00151-CR
Ronald Odom v. State

Tab F p. 2 of 4

STATE OF TEXAS

VS. NO. _____

| Date of Orders | | | ORDERS OF COURT | Minute Book | | PROCESS |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| 03 | 31 | 2014 | Order setting Equestilizer for reargued | | | |
| 06 | 10 | 2014 | Pretrial Set for July 7, 2014 at 9:00 m | | | |
| 07 | 07 | 2014 | Pretrial set for August 4, 2014 at 9:00 m | | | |
| 7 | 17 | 2014 | Order granting motion to withdraw by G. Riley reassigned by Judge Bailey | | | |
| 7 | 17 | 2014 | Order appointing counsel reassigned | | | |
| 7 | 17 | 2014 | Pretrial set Aug. 4, 2014 at 9:00am | | | |
| 08 | 19 | 2014 | Pre-Trial set Oct. 3, 15 Sept 29; PT Oct 6, 2014 at 9:00; JTS @ Oct 20, 2014 | | | |
| 08 | 04 | 2014 | Pretrial reset to 9am 09/03/2014 | | | |
| 09 | 02 | 2014 | Pre-trial set Jan 5, 2014 at 9:00am; JTS Jan 30, 2015 at 9:00am; Jury Trial Jan 21, 2015 at 9:00 m | | | |
| 9 | 15 | 2014 | Cost to cut in January 2015 | | | |
| | | | Order appointing Investigator - Sam Riley | | | |

204

No.: 12-15-00151-CR
Ronald Odom v. State

Tab F p. 3 of 4

# CRIMINAL DOCKET

No. 18672

S/M INC., DALLAS FORM CLD.

**Number of Case:** 18672

**STYLE OF CASE:** THE STATE OF TEXAS vs. ROLAND I. ODOM

**ATTORNEYS:** RACHEL L. PATTON — State
WILLIAM R. WILDER
APPT'D 08/19/2014 — Defendant

**OFFENSE:** CT 1—INTOXICATION MANSLAUGHTER
CT 2—INTOXICATION MANSLAUGHTER— ENHANCED

**DATE OF FILING:** Month 01 Day 28 Year 2013

Information, Index or Indictment

| Date of Orders | | | ORDERS OF COURT |
|---|---|---|---|
| Month | Day | Year | |
| 9 | 22 | 2014 | Pretrial set Jan. 5, 2015 at 9:00 am |
| 12 | 03 | 2014 | Jury Trial Jan 27, 2015 at 9:00 am |
| 1 6 | | 2015 | OSH. Motion to Suppress Jan 16, 2015 at 9:00 am |
| 1 5 | | 2015 | Order granting motion for continuance reset to Jury Plea |
| 2 9 | | 15 | Motion to Suppress reset for March 4, 2015 at 1:30 pm. |
| 2 3 | | 15 | Rachel only Mr Wilder to go back with Judge |
| 4 13 | | 15 | left tracking... appeal |

WITNESSES

No.: 12-15-00151-CR
Ronald Odom v. State

Tab F p. 4 of 4

STATE OF TEXAS

VS. NO. _____

| Date of Orders | | | ORDERS | Minute Book | | PROGRESS |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| 04 | 13 | 2015 | CT 1<br><br>DEFENDANT, WITH COUNSEL PRESENT, WAIVED JURY AND AFTER BEING DULY WARNED PLEADED GUILTY BEFORE COURT. EVIDENCE HEARD. DEFENDANT FOUND GUILTY. PUNISHMENT ASSESSED AT _20 yr TDC w/ 226 days credit @ costs_<br><br>_____ JUDGE PRESIDING<br><br>CT 2<br><br>DEFENDANT, WITH COUNSEL PRESENT, WAIVED JURY AND AFTER BEING DULY WARNED PLEADED GUILTY BEFORE COURT. EVIDENCE HEARD. DEFENDANT FOUND GUILTY. PUNISHMENT ASSESSED AT _20 yr TDC w/ 226 days credit_<br><br>_____ JUDGE PRESIDING | | | |